UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No.: 1:19-cv-04214-PGG

JIA DOUGHMAN

                Plaintiff,

      -against-

THE CITY OF NEW YORK,
SGT. CHRISTOPHER ROCHE,
P.O. WILLIAM MAISONET,
P.O. DANIEL MARTINEZ,
OFFICER #3214,
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiff(s).

                Defendants.

------------------------------------------------------------X

**AMENDED COMPLAINT**

PLAINTIFF'S DEMAND

TRIAL BY JURY

      Plaintiff JIA DOUGHMAN, by and through her attorney, Paul Hale, Esq. 26 Court St. Brooklyn, NY 11242, complaining of the Defendants, The City of New York, SGT. CHRISTOPHER ROCHE, P.O. WILLIAM MAISONET, P.O. DANIEL MARTINEZ, OFFICER #3214, and Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of

a right, privilege and immunity secured to the Plaintiff by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of New York in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the actions of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully assaulting plaintiff.

## PARTIES

7. JIA DOUGHMAN resides in New Jersey, and is a resident of the State of New Jersey.

8. At all times relevant to this action, Defendant Police Officer SGT. CHRISTOPHER ROCHE was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity. P.O. DANIEL MARTINEZ

9. At all times relevant to this action, Defendant Police Officer P.O. WILLIAM MAISONET was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendant Police Officer OFFICER #3214 was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.  OFFICER #3214 is a white, middle aged male with salt and pepper hair, upon information and belief, he was the supervising officer on the scene of the arrest.

11. At all times relevant to this action, Defendant P.O. DANIEL MARTINEZ was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

12. At all times relevant to this action, Defendants Police Officers John/Jane Does and were officers of the City of New York Police Department and acting under color of state law.  Said officers are being sued in both their individual and official capacities.

13. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendant Police Officers.

14. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

## FACTUAL BACKGROUND

15. On January 28, 2017, at approximately 5:00 pm, JIA DOUGHMAN was on the platform of the 34th Street 2/3 Subway Station.

16. At the above time and place, MS. DOUGHMAN was arrested for playing the violin.

17. MS. DOUGHMAN is a Harvard educated and classically trained violinist.

18. During her arrest she was thrown onto the concrete subway platform by three NYPD officers. Upon information and belief, these officers were SGT. CHRISTOPHER ROCHE, P.O. WILLIAM MAISONET, P.O. DANIEL MARTINEZ and OFFICER #3214. It should be noted that MS. DOUGHMAN weighs less than 100 lbs.

19. MS. DOUGHMAN was thrown to the concrete subway platform with such violence that the fat tissue surrounding her left knee was torn, resulting in a misalignment of her left kneecap.

20. Furthermore, once MS. DOUGHMAN was thrown to the concrete, she was handcuffed so tightly that it broke her right wrist.

21. Despite her cries of anguish, the Defendants ignored her and instead tightened the handcuffs and then lifted her up by the metal restraints.

22. It should be noted that the officers were obviously aware that MS. DOUGHMAN was a violinist (since that is what they arrested her for) yet they continued to handcuff her so tightly that her wrist broke. The violence and brutality of the officers' actions has permanently affected her ability to play the violin and earn income from performing.

23. Once arrested, MS. DOUGHMAN was dragged to an unknown police precinct.

24. At the precinct, while she remained handcuffed and injured, OFFICER #3214 made unwanted sexual advances towards MS. DOUGHMAN, saying "I can get as close as I want, no one will hear you" and "If my friend was here, he'd try to kiss you."

25. OFFICER #3214 also made other flippant and harassing comments to MS. DOUGHMAN, saying that "If you are an immigrant, you're in big trouble." These were made while the other Defendant officers laughed at MS. DOUGHMAN.

26. MS. DOUGHMAN was held in police custody for approximately 30 hours before being released on her own recognizance.

27. MS. DOUGHMAN requested medical attention for her obvious injuries while held in custody – which was initially denied.

28. MS. DOUGHMAN eventually had all charges dropped against her.

29. MS. DOUGHMAN sought medical treatment after her release and still requires physical therapy for her injuries.

30. MS. DOUGHMAN required a hard cast on her wrist for six weeks.

31. MS. DOUGHMAN required the use of a crutch for months after the incident.

32. MS. DOUGHMAN has been diagnosed with Post Traumatic Stress Disorder relating to the arrest.

33. MS. DOUGHMAN has not been able to earn compensation for playing the violin since this incident.

34. The unlawful assault of Plaintiff by Defendants was intentional, malicious, reckless and in bad faith.

35. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

36. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions

by the Defendants Officers.

37. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

38. As a direct and proximate result of the negligent acts of all the Defendants, as set forth herein, Plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

39. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

40. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

41. The actions of Defendants, acting under color of State law, deprived Plaintiff of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from, abuse of process, and the right to due process.

42. By these actions, Defendants have deprived Plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42

U.S.C. Section 1983.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants

43. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

44. By using excessive force, and assaulting Plaintiff, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

45. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

    A. Excessive force imposed upon her;

    B. Denial of medical attention;

    C. Summary punishment imposed upon her; and

    D. Denial of equal protection under the law.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above,

Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### 42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment–against all Defendants

48. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

49. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

50. The Defendants Police Officers were present for the above-described incident and witnessed other Defendants' actions.

51. The Defendants Police Officers' use of force against Plaintiff was unjustified under the circumstances yet the Defendants Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendants Police Officers.

52. The Defendants Police Officers' violations of Plaintiff's constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS A THIRD CAUSE OF ACTION:
### 42 U.S.C Section 1983–Retaliation in Violation of First Amendment against all Defendants

53. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

54. Plaintiff was engaging in constitutionally protected activity, including but not limited to her discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

55. Plaintiff's speech was an inquiry related to objectionable police conduct, which is a matter of important public concern.

56. Motivated in whole or in part by Plaintiff's protected verbal opposition to their conduct and/or the substance or style of his communications with them, Defendants searched, seized, forcibly arrested, and injured Plaintiff.

57. Defendants Police Officers' adverse actions in retaliation for Plaintiff's expressed intention of exercising her first amendment rights and inquiring about objectionable police conduct caused Plaintiff to suffer economic, physical and emotional injuries.

58. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

59. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiff, of which reasonable law enforcement knew or should have known.

60. The acts or omissions of each of the Police Officer Defendants, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiff's damages.

## AS A FOURTH CAUSE OF ACTION:
**Intentional Infliction of Emotional Distress–all Defendants**

61. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

62. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to Plaintiff.

63. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious assault by the Defendants Officers.

64. Defendants, their officers, agents servants, and employees were responsible for the

intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein-before stated.

<b><u>AS AND FOR A FIFTH CAUSE OF ACTION</u></b><br>Supervisory Liability under 42 U.S.C. §1983)

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

67. The supervisory defendants personally caused plaintiff JIA DOUGHMAN constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

68. As a result of the foregoing, plaintiff JIA DOUGHMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, cost, and disbursements of this action.

<b><u>AS AND FOR A SIXTH CAUSE OF ACTION</u></b><br>*Monell* claim[1]

69. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

70. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this

---

[1] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

I. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

II. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

III. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

IV. On the Fourth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

V. On the Fifth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

VI. On the Sixth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs

   under 42 U.S.C. Section 1988; and

VII. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
   10/31/2019

            By:    /s/
               Paul Hale, Esq.
               26 Court St. Ste. 913
               Brooklyn, NY 11242
               (718) 554-7344